**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                                            :
**WICKED FASHIONS, INC.,**                                  :
                                                            :     **11 CV 1799 (SAS) (DF)**
                              **Plaintiff,**                :     **ECF**
                                                            :
                  **v.**                                    :
                                                            :
**BEN ELIAS INDUSTRIES CORP.,**                             :
**JOHN DOES; JANE DOES; and**                               :
**ABC COMPANIES,**                                          :
                                                            :
                              **Defendant.**                :
------------------------------------------------------------x

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

        Defendant, BEN ELIAS INDUSTRIES CORP. ("defendant" or "Ben Elias"), by

its attorneys, for its answer and affirmative defenses to the complaint of plaintiff, WICKED

FASHIONS, INC. ("plaintiff" or "Wicked Fashions"), alleges as follows:

        1.      Defendant admits that plaintiff has commenced this civil action based on

alleged violations of the Trademark Act of 1946, 15 U.S.C. § 1051 *et seq*. as well as alleged

violations of the law of the State of New York, except deny any liability to plaintiff arising out of

plaintiff's claims and deny that plaintiff's rights have been violated in any way.  Defendant

admits that the Court has original jurisdiction over the claims set forth in the complaint.

        2.      Defendant admits the allegations contained in paragraph 2 of the

complaint.

        3.      Defendant admits the allegations contained in paragraph 3 of the

complaint.

4.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4(a) of the complaint.  Defendant admits the allegations contained in paragraph 4(b) of the complaint.

5.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the complaint.

6.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the complaint.

(Ben Elias will answer on behalf of itself only and not on behalf of John Does, Jane Does and ABC Companies with respect to any paragraphs referring collectively to Defendants)

7.      Defendant admits the allegations contained in paragraph 7 of the complaint.

8.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the complaint.

9.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the complaint.

10.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the complaint.

11.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the complaint.

12.     Defendant admits that plaintiff is the record owner of the trademark

registrations set forth in paragraph 12 and Exhibit A of the complaint, except denies that any of defendant's activities infringe or otherwise violate the trademarks set forth therein.

13.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the complaint.

14.     Defendant denies the allegations contained in paragraph 14 of the complaint.

15.     Defendant denies the allegations contained in paragraph 15 of the complaint.

16.     Defendant denies the allegations contained in paragraph 16 of the complaint.

17.     Defendant denies the allegations contained in paragraph 17 of the complaint.

18.     Defendant denies the allegations contained in paragraph 18 of the complaint.

19.     Defendant repeats and re-alleges each and every of its foregoing answers to each and every of the foregoing allegations of paragraphs 1 through 18 of the complaint as if more fully set forth hereinagain.

20.     Defendant denies the allegations contained in paragraph 20 of the complaint.

21.     Defendant denies the allegations contained in paragraph 21 of the complaint.

22.     Defendant denies the allegations contained in paragraph 22 of the complaint.

23.     Defendant denies the allegations contained in paragraph 23 of the complaint.

24.     Defendant repeats and re-alleges each and every of its foregoing answers to each and every of the foregoing allegations of paragraphs 1 through 23 of the complaint as if more fully set forth hereinagain.

25.     Defendant denies the allegations contained in paragraph 25 of the complaint.

26.     Defendant denies the allegations contained in paragraph 26 of the complaint.

27.     Defendant denies the allegations contained in paragraph 27 of the complaint.

28.     Defendant denies the allegations contained in paragraph 28 of the complaint.

29.     Defendant repeats and re-alleges each and every of its foregoing answers to each and every of the foregoing allegations of paragraphs 1 through 28 of the complaint as if more fully set forth hereinagain.

30.     Defendant denies the allegations contained in paragraph 30 of the complaint.

31.     Defendant denies the allegations contained in paragraph 31 of the complaint.

32.     Defendant denies the allegations contained in paragraph 32 of the complaint.

33.     Defendant denies the allegations contained in paragraph 33 of the complaint.

34.     Defendant repeats and re-alleges each and every of its foregoing answers to each and every of the foregoing allegations of the paragraphs 1 through 33 of the complaint as if more fully set forth hereinagain.

35.     Defendant denies the allegations contained in paragraph 35 of the complaint.

36.     Defendant denies the allegations contained in paragraph 36 of the complaint.

37.     Defendant denies the allegations contained in paragraph 37 of the complaint.

38.     Defendant denies the allegations contained in paragraph 38 of the complaint.

39.     Defendant denies the allegations contained in paragraph 39 of the complaint.

40.     Defendant denies the allegations contained in paragraph 40 of the complaint.

## DEFENDANT'S AFFIRMATIVE DEFENSES

As for its Affirmative Defenses to the complaint of plaintiff, defendant sets forth the following allegations common to each and every of defendant's affirmative defenses:

41.    Defendant, Ben Elias, is a wholesaler of "off-price" merchandise based in New York that acquires genuine merchandise of numerous apparel brands, which it then sells to off-price retailers throughout the United States, many of whom have long been known to plaintiff.

42.    Defendant has not manufactured, imported, distributed, offered for sale or caused to be manufactured for import, distribution or sale any counterfeit SOUTHPOLE merchandise.  Any SOUTHPOLE apparel acquired by defendant is, upon information and belief, genuine SOUTHPOLE merchandise, manufactured by plaintiff's factory pursuant to plaintiff's purchase orders and conforming to all of plaintiff's standards and inspections for quality, and based upon the factory's representation and warranty that it is authorized for sell off by plaintiff. Since the merchandise is genuine, there is no likelihood of confusion as to its source or origin.

## FIRST AFFIRMATIVE DEFENSE

43.    Therefore, the complaint fails to state any causes of action against defendant upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

44.    The so-called "counterfeit" merchandise referred to in the complaint is not counterfeit as the term "counterfeit" is defined under 15 U.S.C. § 1116(d) of the Lanham Act.

## THIRD AFFIRMATIVE DEFENSE

45.     Plaintiff's SOUTHPOLE Trademarks, as set forth in Paragraph 12 of the complaint, are not "famous" for the purposes of protection from dilution pursuant to Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

46.     Count III of the complaint, paragraphs 29 through 33, fails to state a cause of action against defendant upon which relief may be granted.

## FOURTH AFFIRMATIVE DEFENSE

47.     If there be any violation of any right of plaintiff, which defendant denies, it was unintentional and not deliberate or willful, and any alleged damage is de minimis.

**WHEREFORE**, defendant prays:

A.      That the complaint be dismissed in its entirety;

B.      That judgment be awarded in favor of defendant and against plaintiff on each and every claim in the complaint;

C.      That defendant be awarded its reasonable attorneys' fees and costs in connection with the defense of this civil action; and

D.      That defendant have and recover such other and/or further relief as the Court may deem just and proper.

Dated:          New York, New York
                April 7, 2011

                                        **COLUCCI & UMANS**


                                        By: _s/ Frank J. Colucci_____
                                             Frank J. Colucci
                                             David M. Dahan
                                             218 East 50th Street
                                             New York, New York 10022
                                             Telephone: (212) 935-5700
                                             Facsimile: (212) 935-5728
                                             Email:  email@colucci-umans.com

                                             Attorneys for Defendant

## CERTIFICATE OF SERVICE

It is hereby certified that on April 7, 2011, the foregoing document was served in accordance with the Federal Rules of Civil Procedure, and/or the U.S. District Court for the Southern District of New York's Local Rules, and/or the U.S. District Court for the Southern District of New York's Rules on Electronic Service upon the following parties and participants:

Arlana S. Cohen, Esq.
Cowan, Liebowitz & Latman
1133 Avenue of the Americas
New York, NY 10036-6799

Attorneys for Plaintiff

s/ David M. Dahan
David M. Dahan