UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

WICKED FASHIONS, INC.,

          Plaintiff,

   -against-

BEN ELIAS INDUSTRIES CORP.; JOHN DOES;
JANE DOES; and ABC COMPANIES,

          Defendants.

------------------------------------------------------------- x

Civil Action No: 11 Civ. 1799 (SAS)

**SCHEDULING ORDER**

**CONFERENCE DATE
APRIL 28, 2011**

    **WHEREAS**, the Court issued an Order of a Conference in accordance with Fed. R. Civ. P. 16(b) on April 12, 2011 (the "Order"); and

    **WHEREAS**, the Order requires that the parties jointly prepare and sign a proposed scheduling order containing certain information;

    **NOW, THEREFORE**, the parties hereby submit the following information as required by the Order:

(1)   **Conference date - April 28, 2011**

      **Arlana S. Cohen – Counsel for Plaintiff**

      **Frank Colucci – Counsel for Defendants**



(2)   A concise statement of the issues as they then appear.

Plaintiff's Contentions

    Plaintiff contends Defendants have manufactured, and/or imported, distributed, offered for sale or sold merchandise, namely apparel, bearing counterfeit copies of Plaintiff's famous SOUTHPOLE Trademarks. Plaintiff contends Defendants knew or should have known that the merchandise was counterfeit.

Defendants' Contentions

    The merchandise that Plaintiff alleges is counterfeit, namely SOUTHPOLE apparel, was not counterfeit. It was genuine SOUTHPOLE merchandise purchased by Defendant directly from one of Plaintiff's factories in Pakistan pursuant to the terms and conditions of Defendant's purchase order with the factory, which included a representation by the factory that it was

28037/104/1236712

authorized to sell the merchandise. Defendant imported the merchandise into the U.S. and complied in all respects with U.S. Customs requirements. To Defendant's knowledge, there are no issues with respect to the quality of the merchandise and they conform with all of Plaintiff's requirements and standards. Defendant, a wholesaler of off-price apparel, sold the merchandise to its customers, nationally known off-price retailers such as Burlington Coat Factory and others. Plaintiff has not, to Defendant's knowledge, sued Burlington Coat Factory or otherwise notified them of their objection to the SOUTHPOLE merchandise that Plaintiff alleges is counterfeit and which was provided to Burlington by Defendant. As a result of all the foregoing, Defendant did not violate any valid trademark rights of Plaintiff.

(3)     A schedule including:

  (a)   the names of persons to be deposed and a schedule of planned depositions by initial disclosures shall be served by **May 15, 2011**;

  (b)   a schedule for the production of documents by **May 15, 2011**;

  (c)   dates by which (i) each expert's reports will be supplied to the adverse side and (ii) each expert's deposition will be completed; (i) **October 14, 2011** and (ii) **November 14, 2011**.

  (d)   time when ~~fact~~ discovery is to be completed by **September 15, 2011**;

  (e)   the date by which plaintiff will supply its pre-trial order matters to defendants is **November 30, 2011**;

  (f)   the date by which the parties will submit a pre-trial order in a form conforming with the Court's instructions together with trial briefs and either (1) proposed findings of fact and conclusions of law for a non-jury trial -- ~~January 17, 2012~~ [Dec. 23, 2011] (2) proposed voir dire questions and proposed jury instructions, for a jury trial: **Not-applicable.**

  (g)   a final pre-trial conference pursuant to Fed. R. Civ. P. 16(d), will be held on _10/3 at 4:30_

(4)     A statement of any limitations to be placed on discovery, including any protective or confidentiality orders: **No known limits on discovery – the parties are working on a protective order.**

(5)     A statement of those discovery issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement: **None.**

(5)     Anticipated fields of expert testimony, if any: **Expert testimony of financial experts may be necessary.**

(6)     Anticipated length of trial and whether to court or jury: **1½ days each.**

2

This Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference of when justice so requires.

| | |
|---|---|
| COWAN, LIEBOWITZ & LATMAN, P.C. | COLUCCI & UMANS |
| By: _____<br>Arlana S. Cohen<br>1133 Avenue of the Americas<br>New York, NY 10036<br>Tel: (212) 790-9237<br>Fax: (212) 575-0671<br>Attorney for Plaintiff | By: _____<br>Frank Colucci<br>218 East 50th Street<br>New York, NY 10022-6018<br>Tel: (212) 935-5700<br>Fax: (212) 935-5728<br>Attorney for Defendant |

SO ORDERED:

_____
SHIRA A. SCHEINDLIN
U.S.D.J.

4/28/11

3

28037/104/1236712